UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL SCHUSTER, | ) | CASE NO. 4:20-cv-2278 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation of the magistrate judge in the above-entitled action. Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [. . .]

28 U.S.C. § 636(b)(1)(C). The R&R was filed on January 7, 2022 (*see* Doc. No. 20) and objections would have been due on January 21, 2022. Under Fed. R. Civ. P. 6(a) & (d), three (3) additional days are added for service, making the objections due on January 24, 2022. No objections were filed on or before that deadline, and no extension of time has been sought or given.

In the Sixth Circuit, failure to object constitutes a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.").[1] *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's

---

[1] This is so because "[w]aiver is different than forfeiture." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2, 111 S. Ct. 2631, 115 L. Ed. 2d 764 (1991)

waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the R&R placed the parties on notice as to the potential for forfeiture in the event of failure to object. (*See* R&R at 26.[2])

The R&R recommends reversing the Commissioner's decision that denied plaintiff's application for Disability Insurance Benefits and remanding for additional proceedings. The Court has reviewed the R&R, finds it to be thoroughly written and well-reasoned, and, therefore, accepts the same.

Accordingly, the Court adopts the R&R's recommendation. The Commissioner's decision is reversed and this matter is remanded for further proceedings.

**IT IS SO ORDERED**.

Dated: January 25, 2022

                                                          **HONORABLE SARA LIOI**
                                                          **UNITED STATES DISTRICT JUDGE**

---

(Scalia, J., concurring). "This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

[2] Page references are to the consecutive page number assigned by the court's electronic filing system.