# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| APRIL SCHUSTER, | ) | CASE NO. 4:20-cv-2278 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 23) for an award to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of $3,477.25 in attorney's fees. For the reasons set forth herein, the stipulation is approved.

On October 8, 2020, plaintiff April Schuster ("Schuster" or "plaintiff") filed this action seeking judicial review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). On January 25, 2022, the Court adopted a magistrate judge's unopposed recommendation to reverse and remand for further administrative proceedings. (*See* Doc. Nos. 21, 22.)

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report*

*and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted at the Court's request in support of the joint stipulation (*see* Doc. No. 25) shows that plaintiff's counsel performed 17.5 hours of legal services between October 9, 2020 and January 7, 2022, including the typical legal services of discussions with the client, preparing the complaint, service of process, drafting plaintiff's brief on the merits, reviewing defendant's brief on the merits, and reviewing court orders (including the report and recommendation). The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel indicates a billing rate of $198.70 per hour, which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii));

*see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). In light of the information available there for the period of time in which counsel provided services in this case, the Court finds that the $3,477.25 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. As further recognized in the stipulation, this award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $3,477.25 in attorney's fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

For the reasons set forth herein, the Court approves the parties' stipulation (Doc. No. 23) for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $3,477.25 in attorney's fees and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: February 25, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**